IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| DANNY FOSTER<br>ADC #169352, | *<br>*<br>* | |
| Plaintiff, | * | |
| v. | * | No. 4:25-cv-00052-JJV |
| | * | |
| AUNDREA F. CULCLAGER,<br>Deputy Director, Health & Correctional<br>Program; et al. | *<br>*<br>* | |
| | * | |
| Defendant. | * | |

**<u>MEMORANDUM AND ORDER</u>**

**I.   INTRODUCTION**

Plaintiff, Danny Foster, says Defendants Drs. James Smith, Guy Henry, and David Fort have failed to provide him with constitutionally adequate medical care for shoulder pain and impose appropriate work restrictions. (Doc. 2.) He also alleges Defendant Deputy Aundrea F. Culclager learned about these issues while reviewing his grievances but failed to take appropriate corrective action. Plaintiff brings these claims against Defendants in their personal capacities only, and he seeks monetary damages as well as injunctive relief.

Defendant Culclager has now filed a Motion for Summary Judgment arguing the claims against her should be dismissed without prejudice because Plaintiff failed to exhaust his available administrative remedies. (Doc. Nos. 28-30.) Plaintiff has responded, (Doc. Nos. 32-33), so the matter is ripe for a decision. After careful consideration and for the following reasons, I find Defendant's Motion should be granted and this case should be dismissed without prejudice.

## II.  SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.  *Celotex,* 477 U.S. at 323.  Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial.  *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party."  *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

## III.  DISCUSSION

### A.  Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides, in part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."  *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006).

The PLRA requires inmates to fully and properly exhaust their administrative remedies as to each claim in the complaint. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.* The only exception is if administrative remedies are unavailable. 42 U.S.C. § 1997e(a) (prisoners are only required to exhaust "available" administrative remedies). Administrative remedies are "unavailable" if, for instance: (1) the grievance procedure "operates as a simple dead end;" (2) the procedure is "so opaque that it becomes, practically speaking, incapable of use;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 642 (2016); *see also Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018).

  **B.** **ADC's Grievance Procedure**

Administrative Directive 19-34 ("AD 19-34") establishes a three-step procedure for exhausting administrative remedies in any ADC Unit. (Doc. 28-3.) A summary of that procedure is included in the Inmate Handbook, a full copy is available in the prison law library, and many of the requirements are included on the forms themselves. (*Id.* at § IV(C).)

First, the inmate must attempt informal resolution by submitting a Unit Level Grievance Form to a designated problem solver within fifteen days of the incident. (*Id.* at § IV(E)(1)). The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, <u>personnel involved</u> or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id.* at § IV(E)(2)) (emphasis added.) Inmates are cautioned a

"[g]rievance must <u>specifically name each individual involved</u> in order that a proper investigation and response may be completed" and an inmate who "fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties."  (*Id*. § IV(C)(4)) (emphasis added.)  And the grievance form reminds prisoners to include the "name of personnel involved." (*Id.* at 20.)  Second, if informal resolution is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance within three working days.  (*Id.* § IV(E)(11) and (F)(1).)  Third, an inmate who is dissatisfied with the Warden's response, or who does not timely receive a response, must appeal within five working days to the "Chief Deputy/Deputy/Assistant Director."  (*Id.* § IV(F)(9)) And the response ends the grievance process.  (*Id.*)

### C.     Analysis

Grievance Supervisor Terri Grigsby-Brown provided a declaration, under oath, and stated:

> During my review, I did not find any exhausted non-medical grievances that were filed between November 13, 2023, and January 21, 2025, pertaining to Inmate Foster's claims in this lawsuit.  In fact, from November 13, 2023, up until the date he filed this lawsuit on January 21, 2025, Inmate Foster did not specifically name or claim in any non-medical grievance that Aundrea Culclager had in any manner violated his constitutional rights.  Moreover, during the times relevant to this lawsuit, Inmate Foster failed to complain in any non-medical grievance about any action or inaction on the part of Aundrea Culclager.

(Doc. 28-1 at 7.)

Additionally, Medical Grievance Coordinator, Brandy Johnson, provided a declaration, under oath, and says:

> During my review, I found two medical grievances, GR-24-00307 and OR-24-00322, pertaining to Inmate Foster's claims in this lawsuit. Neither grievance names nor specifically refers to Aundrea Culclager.
> . . .
> During my review, I did not find any exhausted medical grievances that were filed between November 13, 2023, and January 21, 2025, that specifically named or referred to Aundrea Culclager. In fact, from November 13, 2023, to January 21,

4

2025, Inmate Foster did not claim in any medical grievance that Aundrea Culclager had in any manner violated his constitutional rights. Moreover, during the times relevant to this lawsuit, Inmate Foster failed to complain in any medical grievance about any action or inaction on the part of Aundrea Culclager.

(Doc. No. 28-2 at 7-8.)

Exhibits 4-6 of the Motion for Summary Judgment fully support Ms. Johnson's and Ms. Grigsby-Brown's declarations. The actual grievances reveal that Plaintiff never made any allegations against Deputy Director Culclager.

I have also carefully considered Plaintiff's Response and Statement of Facts. (Doc. Nos. 32-33.) Plaintiff says, "How can inmates complete grievance form steps when the Grievance Officers (Staff) don't give inmates the [proper] forms so inmates can follow the Grievance Policy and do all the steps the right way?" (Doc. No. 33 at 2.) But here, Plaintiff had the correct forms but failed to include any allegations against Defendant Culclager. I note that the form clearly states, "**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how you were affected." (Doc. No. 33 at 4)(emphasis in original.) So, Plaintiff's arguments are unavailing, and I am unable to conclude Mr. Foster's administrative remedies were unavailable to him.

I realize Plaintiff may perceive this conclusion as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process, which the Eighth Circuit has explained as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 89 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.   CONCLUSION

    IT IS, THEREFORE, ORDERED THAT:

    1.    Defendant's Motion for Summary Judgment (Doc. 28) is GRANTED, and Plaintiff's claims against Defendant Aundrea Culclager is DISMISSED without prejudice.

    2.    It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

    Dated this 6th day of October 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE