**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| DANNY FOSTER, | * | |
| ADC #169352 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:25-cv-00052-JJV |
| | * | |
| AUNDREA F. CULCLAGER, | * | |
| Deputy Director, Health & Correctional | * | |
| Program, *et al.* | | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Plaintiff Danny Foster, who is a prisoner in the Arkansas Division of Correction, says Defendants Drs. James Smith, Guy Henry, and David Fort failed to provide him with constitutionally adequate medical care for shoulder pain and impose appropriate work restrictions. (Doc. 2.) Plaintiff brings these claims against Defendants in their personal capacities only, and he seeks monetary damages as well as injunctive relief.  All other claims and Defendants have been previously dismissed without prejudice.  (Doc. 34.)

Defendants have filed a Motion for Summary Judgment arguing they are entitled to judgment as a matter of law.  (Docs. 38-40.)  Plaintiff has filed a Response.  (Doc. 42.)  After careful consideration and for the following reasons, I find Defendants' Motion should be granted, and Plaintiff's claims against the remaining Defendants should be dismissed with prejudice.

**II.    SUMMARY JUDGEMENT STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the

1

moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial. *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

## III.   FACTS

On January 8, 2024, Dr. Smith saw Plaintiff, who is right-handed, in the Grimes Unit infirmary for treatment of left shoulder pain. (Docs. 40-1, 40-4.) Dr. Smith noted Plaintiff had reduced overhead movement and adduction, and that he was already receiving Voltaren gel and Topamax. (Docs. 40-1, 40-2, 40-4.) Suspecting bursitis, Dr. Smith added naproxen for pain and ordered x-rays. During a January 29, 2024 follow-up exam, Dr. Smith explained to Plaintiff that the x-rays showed no abnormalities. On February 28, 2024, Plaintiff reported continued shoulder pain and neuropathic pain radiating down his left arm. (Doc. 40-4). During a physical examination, Dr. Smith observed Plaintiff had a reduced range of motion, but no effusion, crepitus, laxity, or indication of a tear. He then added Levetiracetam to treat the neuropathy and recommended an MRI. But a non-party physician determined that an alternative treatment plan (ATP), rather than an MRI, was medically appropriate. (Doc. 40-5.)

On April 11, 2024, Dr. Henry examined Plaintiff at the Ouachita River Correctional Unit

(ORCU), where Plaintiff reported his shoulder pain was a three or four out of ten, which worsened if he lifted his arm above his head.  (Doc. 40-5.)  Plaintiff demonstrated a limited range of motion during abduction of his shoulder and a painful arc test.  But he had a full range of motion without pain during extension and flexion, his external rotation test was negative, and there was no indication of crepitus.  Dr. Henry concluded "objective findings do not substantiate MRI of shoulder nor do they substantiate severity of issue."  (*Id*. at 1.)  He then prescribed Prednisone, NSAID, and range of motion exercises.  On May 13, 2024, he added meloxicam and authorized an extra mattress.  (Docs. 40-6, 40-7.)  On May 28, 2024, Dr. Henry noted Plaintiff had not started the range of motion exercises and encouraged him to do so.  (Doc. 40-8.)  And on June 24, July 8, August 21, August 26, 2024, he continued Plaintiff's medications.  (Doc. 40-9.)  On September 23, 2024, Plaintiff told Dr. Fort at the ORCU infirmary that meloxicam was not helping his pain, and that naproxen was the most effective.  (Doc. 40-11.)  Dr. Fort then prescribed naproxen and renewed Plaintiff's one-arm work restriction.  (Doc. 40-11; Doc. 42 at 21.)

On October 24, 2024, Plaintiff returned to the Grimes Unit where a non-party APRN increased the frequency of his pain medication, continued the one-arm work restriction, advised Plaintiff to increase his range of motion exercises, and ordered a follow-up with a doctor in two months.  (Doc. 40-12; Doc. 42 at 22.)  On December 18, 2024, Plaintiff reported to Dr. Smith that none of the prescribed medications had improved his condition.  (Doc. 40-13.)  Dr. Smith observed Plaintiff had a reduced range of motion, some palpable crepitus, and minimal subluxation.  (Doc. 40-13.)  However, before Dr. Smith could finish the exam, Plaintiff became angry and left the infirmary.  Similarly, Plaintiff refused to attend his December 29, 2024 appointment.  (Doc. 40-14.)  On January 8, 2025, Dr. Smith renewed Plaintiff's naproxen and one-arm duty prescriptions.  (Doc. 40-15.)  And on January 21, 2025, Plaintiff filed this lawsuit.  (Doc. 2.)

## IV.    DISCUSSION

"The Eighth Amendment requires state prison officials to provide inmates with needed medical care." *Dantzler v. Baldwin*, 133 F.4th 833, 843 (8th Cir. 2025) (quoting *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016)).  To establish an Eighth Amendment violation, Plaintiff must have evidence: (1) he had an objectively serious medical need; and (2) Defendants subjectively knew of, but deliberately disregarded, that serious medical need.  *See Dantzler,* 133 F.4th at 843; *Jones v. Faulkner Cnty.,* 131 F.4th 869, 874 (8th Cir. 2025).  The parties agree Plaintiff had an objectively serious medical need for treatment for his shoulder pain.   *See Presson v. Reed*, 65 F.4th 357, 366 (8th Cir. 2023) (a medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment").

Thus, this case turns on the second element of deliberate indifference, which is a high threshold that goes well beyond negligence or gross negligence.  *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010).  Similarly, a mere disagreement with the course of medical care is also insufficient.  *Hall*, 77 F.4th at 1179; *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2018).  Instead, to establish deliberate indifference, there must be evidence the defendants "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk."  *Shipp v. Murphy,* 9 F.4th 694, 703 (8th Cir. 2021); *Smith v. Lisenbe,* 73 F.4th 596, 660 (8th Cir. 2023).  This level of mental culpability is "akin to criminal recklessness."  *Presson,* 65 F.4th at 367.

Here, it is undisputed Defendants ordered an x-ray which showed no abnormalities in Plaintiff's shoulder, regularly examined him, treated his pain with a variety of medications, gave him an extra mattress, imposed work restrictions, and instructed him to perform range of motion exercises.  *See Fourte v. Faulkner Cnty*., 746 F.3d 384, 390 (8th Cir. 2014) (no deliberate

4

indifference when medical providers "made efforts to cure the problem in a reasonable and sensible manner"). Plaintiff's reluctance to start the range of motion exercises, termination of the December 18, 2024 physical exam, and refusal to report to sick call on December 29, 2025 do not help his cause. *See Beck v. Skon*, 253 F.3d 330, 333-34 (8th Cir. 2001); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Importantly, Dr. Maris, who is family practice physician, says in his sworn affidavit that based on his education, training and expertise, Defendants' course of care was medically appropriate. (Doc. 40-3.) And Plaintiff has not presented any contrary evidence. *See Cejvanovic v. Ludwick,* 923 F.3d 503, 507-08 (8th Cir. 2019) (in "the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment").

Plaintiff says he should have received an MRI of his shoulder as initially recommended by Dr. Smith on February 28, 2024. "But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). And a disagreement between medical professionals about the appropriate treatment does not rise to the level of a constitutional violation. *See Long v. Nix,* 86 F.3d 761, 766 (8th Cir. 1996); *White v. Farrier*, 849 F.2d 322, 327 (8th Cir. 1988). Similarly, it appears Plaintiff believes he needs shoulder surgery. But again, prison officials are free to exercise their independent medical judgment. *Barr,* 909 F.3d at 921-22. And this includes their decision to treat Plaintiff's shoulder injury conservatively with medications and exercise. *See Berwanger v. Harris*, No. 23-2076, 2024 WL 3580322, at *2 (8th Cir. July 30, 2024) ("The fact that medical staff started with conservative treatment and did not diagnose Berwanger's labral tear [in his right shoulder] sooner does not raise an inference of deliberate indifference given

5

that he consistently received treatment").

While I am sympathetic to the pain and discomfort Plaintiff has experienced in his left shoulder, nothing in the record before me suggests Defendants acted with deliberate indifference when they treated that condition.  Accordingly, they are entitled to summary judgment.

## V.    CONCLUSION

IT IS, THEREFORE, ORDERED THAT;

1.    Defendants' Motion for Summary Judgment (Doc. 38) is GRANTED, Plaintiff's inadequate medical care claims against Defendants are DISMISSED with prejudice, and this case is CLOSED.

2.    It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 10th day of March 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE